NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM FLOWER, | : | |
| | : | |
| Plaintiff, | : | Hon. Dennis M. Cavanaugh |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | Civil Action No: 09-cv-2736(DMC)(JAD) |
| TECHTRONIC INDUSTRIES CO., | : | |
| LTD., TECHTRONIC INDUSTRIES | : | |
| NORTH AMERICA, INC., ONE WORLD | : | |
| TECHNOLOGIES, INC., RYOBI | : | |
| TECHNOLOGIES, INC. and HOME | : | |
| DEPOT, U.S.A., INC., | : | |
| | : | |
| Defendants. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon the motion of Defendant Techtronic Industries Co., Ltd. ("TTI") to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) or, in the alternative, for summary judgment under Rule 56(c). Pursuant to Rule 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that TTI's motion is denied without prejudice pending jurisdictional discovery.

## I. <u>BACKGROUND</u>[1]

Plaintiff seeks damages for the severe and disfiguring personal injuries suffered by

---

[1] The facts in the Background section have been taken from the parties' submissions. On this motion to dismiss, the Court will accept the factual allegations in the Complaint and Amended Complaint as true and construe all facts in Plaintiff's favor.

him while operating the Ryobi Model BGTS 10S saw ("Ryobi Saw"). Compl. ¶ 7.  The Ryobi

Saw is a product marketed and sold in the United States, and made by  Ryobi Technologies, Inc.

("Ryobi").  Ryobi was merged into its parent company One World Technologies, Inc. ("One

World") in December 2004.  Chung Aff. ¶ 2.  At that time, One World assumed all of Ryobi's

assets and liabilities.  One World is a wholly-owned subsidiary of Techtronic Industries North

America, Inc. ("TTI-NA"). Id.  Techtronic Industries Co., Ltd. ("TTI") owns 98.4% of the shares

of TTI-NA. Id.  TTI is a corporation organized under the laws of Hong Kong, and is a resident of

Hong Kong. Id. at 3.  Home Depot was authorized to sell the Ryobi Saw according to an

agreement made around May 2003 between TTI-NA and Home Depot U.S.A. Chung Aff. ¶ 2.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(k), a district court may exercise jurisdiction over a nonresident

defendant to the extent permitted by the law of the state where the district court sits. See Miller

Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) ("A federal court sitting in New Jersey

has jurisdiction over parties to the extent provided under New Jersey state law.").  "New Jersey's

long arm statute confers jurisdiction over nonresidents to the extent allowed under the United

States Constitution."  Horton v. Martin, 133 Fed. Appx. 859, 860 (3d Cir. June 15, 2005).  The

Fourteenth Amendment of the United States Constitution "limits the reach of long-arm statutes

so that a court may not assert personal jurisdiction over a nonresident defendant who does not

have certain minimum contacts with the forum such that the maintenance of the suit does not

offend 'traditional notions of fair play and substantial justice.'"  Provident Nat'l Bank v. Cal. Fed.

Sav. & Loan Ass'n, 819 F.2d 434, 436-37 (3d Cir. 1987) (citation and internal quotations

omitted).

      For a court to exercise jurisdiction over a defendant, the defendant must have specific or general contacts with the forum.  See Horton, 133 Fed. Appx. at 860.  General jurisdiction exists when the defendant has "continuous and systematic conduct in the forum that is unrelated to the subject matter of the lawsuit." Associated Bus. Tel. Sys. Corp. v. Danihels, 829 F. Supp. 707, 711.  Specific jurisdiction exists "when the particular cause of action at issue arose out of the defendant's contacts with the forum." Id.  "Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  Horton, 133 Fed. Appx. at 860.   While "[a] court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff. . . . the plaintiff cannot rely on the pleadings alone but must provide actual proofs."  Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (D.N.J. 2004).   If minimum contacts are established, "the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." Id.

### III.  DISCUSSION

      TTI argues Plaintiff cannot demonstrate that TTI has "systematic and continuous" contacts with New Jersey necessary for the court to exercise general jurisdiction. TTI states that it has no real or personal property, bank accounts, or offices in New Jersey, nor do they conduct business in New Jersey. Chung Aff. ¶¶ 3,4. Furthermore, they claim that TTI does not actively manage or direct TTI-NA, One World, or Ryobi's daily operations. Id. at ¶¶ 2, 8.  TTI also claims that it has never purposefully directed its activities at New Jersey such as would establish specific

jurisdiction.  Def.'s Br. 9.  Plaintiff has countered with documents obtained in the course of discovery against the domestic subsidiaries that it claims "lay out a compelling *prima facie* case that TTI is directly involved in the design, manufacture and release into the stream of commerce of table saws sold by its domestic subsidiaries, including the saw at issue in this action."  Pl.'s Opp'n Br. 1.  Plaintiff seeks jurisdictional discovery as to TTI's contacts with New Jersey and its relationship to its domestic subsidiaries.

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13 (1978)). If "'the plaintiff's claim is not clearly frivolous as to the basis for personal jurisdiction, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden.'" Id. (quoting Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 362 (3d Cir.1983)). The Third Circuit has found "jurisdictional discovery particularly appropriate where the defendant is a corporation." Id.  Moreover, jurisdictional discovery "is appropriate when the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" Trintec Indus., Inc. v. Pedre Promotional Prod., Inc., 395 F.3d 1275, 1283 (Fed.Cir.2005) (quoting GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1351-52 (D.C. Cir. 2000)).

Although "plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor," Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004), here the facts require

-4-

further development because they are inadequate for this Court to make a disposition as to its

exercise of personal jurisdiction over TTI.  As this Court specifically finds that this lawsuit is not

frivolous, jurisdictional discovery is warranted. Specifically, jurisdictional discovery will

ascertain whether TTI placed the Ryobi Saw in question into the stream of commerce, whether

TTI deliberately availed itself of the New Jersey market, and whether jurisdiction over TTI may

be imputed through its control over its subsidiaries.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to dismiss pursuant to Rules12(b)(2) and

12(b)(6) is **denied** without prejudice pending jurisdictional discovery. Within 30 days from

today, Plaintiff shall submit to the Magistrate Judge, for his consideration, a proposed discovery

plan limited to the issues raised by Defendant's motion to dismiss for lack of personal

jurisdiction. An appropriate Order follows this Opinion.


   S/ Dennis M. Cavanaugh

Dennis M. Cavanaugh, U.S.D.J.


Date:            August  22 ,  2011
Orig.:           Clerk
cc:              All Counsel of Record
                 Hon. Joseph A. Dickson, U.S.M.J.
                 File